This FOURTEENTH Day of FEBRUARY, year of Two Thousand and Twenty-Four

Judge Eric F. Melgren FEDERAL APPOINTMENT

Frank Carlson Federal Building

444 S.E. Quincy, Topeka, KS 66683

**DECLARATION/ PROCLAMATION OF INDIAN SOVEREIGNTY AND SELF-GOVERNMENT**

**PURPOSE:**

**The purpose of this instrument is to ensure parity in federal treatment of Native nations with whom the United States has a trust responsibility, to establish a process for the reorganization and federal recognition of a Native American governing entity, and to reaffirm the special political and legal relationship between the United States and the Native American governing entity for purposes of carrying on a government-to-government relationship.**

**Not only does the Constitution expressly authorize Congress to regulate commerce with the Indian tribes, but long continued legislative and executive usage and an unbroken current of judicial decisions have attributed to the United States . . . the power and the duty of exercising a fostering care and protection over all dependent Indian communities.'' Sandoval, 231 U.S. at 45-46; see United States v. Kagama, 118 U.S. 375, 384-85 (1886) (``From [the Indians]**

**very weakness so largely due to the course of dealing of the federal government with them and the treaties in which it has been promised,**

**There arises the duty of protection and with it the power. . . . It must exist in that government, because it never has existed anywhere else; because the theater of its exercise is within the geographical limits of the United States; because it has never been denied; and because it alone can enforce its laws on all the tribes. Congress has long recognized the sovereignty possessed by the Native people as the original inhabitants of this nation who occupied and exercised dominion and control over the lands which eventually became the United States. It is well-established that `the Constitution grants Congress broad general powers to legislate in respect to Indian tribes, powers that [the Supreme Court has] consistently described as `plenary and exclusive. Delaware Tribal Business Council v. Weeks, 430 U.S. 73 (1977); United States v. Sioux Nation, 448 U.S. 371 (1980); U.S. v. Lara, 541 U.S. 193, 203 (2004). Congress' plenary power over Indian affairs includes the power to recognize, terminate, and restore the tribal status of Indian tribes. Lara, 541 U.S. at 201-2.**

  **\24\Lara, 541 U.S. at 200. Citing the Indian Self-Determination Act of 1975, 25 U.S.C. Sec. 450e, which defines an Indian tribe as ``any Indian tribe, band, nation, or other organized group or community . . . which is recognized as eligible for the special programs and services provided by the United States to Indians because**

---

**of their status as Indians.**

# TO EXPRESS THE POLICY OF THE UNITED STATES REGARDING THE UNITED STATES' RELATIONSHIP WITH NATIVE AMERICANS AND TO

**ESTABLISH**

**PARITY AND A PROCESS FOR THE RECOGNITION BY THE UNITED STATES OF THE NATIVE AMERICAN GOVERNING ENTITY**

As Sipp's Trust Tribe Heirs of, the First Nation people of these lands, we have an inherent right to self-government. Our sovereignty is inherent, indefeasible, and non-waiverable.  We are exercising our inherent right to self-government and asserting our sovereignty, we hereby declare and affirm the following principles:

> 1. Inherent Sovereignty: We, as a sovereign Indian nation, assert our inherent right to self-government and self-determination, which predates the formation of the United States.
> 2. Protection under the U.S. Constitution: We invoke and affirm all protections afforded to sovereign Indian nations under the United States Constitution, recognizing the unique government-to-government relationship between our tribe and the federal government.
> 3. Worcester v. Georgia (1832): We draw attention to the landmark decision of the U.S. Supreme Court in Worcester v. Georgia (1832), which affirmed the sovereign status of Indian nations and their authority to govern their internal affairs without interference from state governments.
> 4. Treaty Rights: We assert our rights under any and all treaties entered into between our tribe and the United States government, recognizing the sanctity and enduring nature of these agreements.
> 5. Exclusive Jurisdiction: We maintain exclusive jurisdiction over our lands, resources, and internal affairs, consistent with our historical and inherent right to self-governance.
>
> make decisions that safeguard and promote the well-being of our community.

---

> 6. Cultural Preservation: Recognizing the importance of preserving our cultural identity, traditions, and languages, we affirm our authority to

7. Collaborative Partnerships: While asserting our sovereignty, we remain committed to fostering cooperative and collaborative relationships with neighboring communities, state governments, and the federal government where mutual respect and understanding prevail.

This declaration is a testament to our commitment to the principles of sovereignty and self-governance, and it serves as notice to all concerned parties of our intent to exercise and protect these rights.  We call upon all nations and peoples to respect our sovereignty. We seek peaceful and cooperative relations with all.  We speak with one heart and one voice. Our sovereignty endures forever.

By: Tribal authority