UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATISA-CHRISTINE MICHEAUX and MARGARET E. BURRIS,<br><br>   Plaintiffs,<br><br>v.<br><br>AMERICAN CREDIT ACCEPTANCE and CARMAX,<br><br>   Defendants. | Case No. 24-1102-DDC-BGS |

**REPORT AND RECOMMENDATION**
**FOR PARTIAL DISMISSAL OF COMPLAINT**

Plaintiffs Latisa Christina Micheaux and Margaret E. Burris (collectively "Plaintiffs") filed this action pro se.[1] In conjunction with their federal court Complaint (Doc. 1), Plaintiffs filed motions to proceed without prepayment of fees, which are motions requesting leave for Plaintiffs to proceed *in forma pauperis* ("IFP"). Doc. 3, 4. After review of Plaintiffs' amended complaint, however, the Court **RECOMMENDS** to the District Court that Plaintiffs' claims against Defendants be **dismissed in part** for failure to state a claim upon which relief may be granted.

**I.   Standard of Review for IFP Complaints**

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to

---

[1] Plaintiffs proceed pro se. The Court construes their filings liberally and holds them to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigants. *Hall*, 935 F.2d at 1110.

1

review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested. Fed. R. Civ. P. 8(a).

Because the court will liberally construe the pleadings of a pro se plaintiff, the court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The court cannot, however, become an advocate for the pro se plaintiff. *Id.*

A pro se Plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of a pro se plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiffs' complaint liberally, that Plaintiffs have failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

**II.   Plaintiff's Claims and Factual Allegations**

Plaintiffs bring this action against American Credit Acceptance and CarMax (collectively the "Defendants").[2] Plaintiffs filed the original complaint on June 17, 2024. Subsequently, they moved

---

[2]The amended complaint also identifies "Greg Tigani, d/b/a American Credit Acceptance" and "Luke Secrest, d/b/a General Manager at CARMAX." However, based on the case caption and the allegations involving acts by CarMax and American Credit Acceptance, the Court construes the lawsuit being against the

to amend the complaint, which was granted on July 24, 2024 and subsequently filed. The amended complaint alleges that the basis for this Court's subject matter jurisdiction is federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332.³ Plaintiffs' amended complaint does not set forth diversity of citizenship between the parties; however, Plaintiffs have asserted claims arising under federal law. The Court will therefore not recommend dismissal for lack of subject-matter jurisdiction.

The amended complaint alleges that the Plaintiffs entered into a credit purchase agreement for an auto loan note that Plaintiffs intended to use to purchase a vehicle from CarMax on January 27, 2024. Doc. 21. According to Plaintiffs, CarMax forged Plaintiffs' signatures on the title of the vehicle, used their social security numbers to run their credit without their consent, pressured Plaintiffs to grant them power of attorney during the purchase process, fraudulently registered the vehicle in Plaintiffs' names, repossessed the vehicle without due process, and attempted to enforce the purchase agreement despite Plaintiffs exercising a "rescission" clause in the contract. In regard to American Credit Acceptance, Plaintiffs claim their social security numbers were used without their consent and were used to engage in fraudulent activity and identity theft. Plaintiff also allege that American Credit Acceptance was involved in the unlawful repossession of their vehicle which violated their due process rights. They further allege that American Credit Acceptance unlawfully retained possession of their vehicle and deprived Plaintiffs of their right to property and due process which infringed on their rights to life, liberty, and the pursuit of happiness.

Based upon these factual allegations, Plaintiffs advance 18 counts. The first nine counts are

---

companies and not the individuals listed.

³Plaintiffs also cite to, *inter alia*, the "Declaratory Judgment Act" as a basis for jurisdiction. *See, e.g.*, 28 U.S.C. § 2201, et seq. While the cited statute alone does not provide a basis for subject-matter jurisdiction, it appears that Plaintiffs have articulated other federal causes of action.

against CarMax and include: (1) forgery in violation of 18 U.S.C. § 513[4]; (2) unauthorized use of their social security numbers without their consent in violation of 42 U.S.C. § 408; (3) fraud and related activity in connection with identification documents in violation of 18 U.S.C. § 1028; (4) deceptive acts and practices in violation of 15 U.S.C. § 1681; (5) unconstitutional repossession without due process in violation of the Fourteenth Amendment; (6) violation of the right to pursue happiness and unalienable rights; (7) conspiracy against rights in violation of 18 U.S.C. § 241; (8) deprivation of rights under color of law in violation of 18 U.S.C. § 242; and (9) extortionate means to collect credit in violation of 18 U.S.C. § 894.  The remaining counts are against American Credit Acceptance and include: (10) unauthorized use of their social security numbers in violation of 42 U.S.C. § 408; (11) false or misleading representations in violation of 15 U.S.C. § 1692(e); (12) furnishing deceptive forms in violation of 15 U.S.C. § 1692j; (13) unconstitutional repossession without due process in violation of the Fourteenth Amendment; (14) violation of the right to pursue happiness and unalienable rights; (15) conspiracy against rights in violation of 18 U.S.C. § 241; (16) deprivation of rights under color of law in violation of 18 U.S.C. § 242; (17) extortionate means to collect credit in violation of 18 U.S.C. § 894; and (18) theft and fraud.

Plaintiffs seek damages in the amount of $300,000.  They seek an additional $20,000 for the "unauthorized use of the plaintiff [Micheaux's] copyrighted name."  In additional to monetary damages, they also seek injunctive relief such as ordering the Defendants to produce "the original note and to demonstrate it was not securitized to continue enforcement."  Doc. 21.  Lastly, they seek reasonable attorneys' fees under 15 U.S.C. § 1640(a).

---

[4]Plaintiffs include copyright infringement within count 1.  Plaintiffs do not provide facts regarding their copyright infringement claim.  To the extent Plaintiffs intended to allege that the unauthorized use of their name is copyright infringement, that argument has no merit.  *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) ("A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102").  A copyright does not protect an individual's name.

**III.    Analysis**

In their amended complaint, Plaintiffs allege causes of action against the Defendants by citing several federal criminal statutes and other statutes which do not create private causes of action for a private citizen.  The U.S. Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986).  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S. Ct. 2479, 2485, 61 L. Ed. 2d 82 (1979).  In other words, criminal statutes do not provide a private right of action and are unenforceable through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076-77 (10th Cir. 2007) (affirming dismissal of plaintiff's lawsuit alleging violations of various criminal statutes). *See also Escalante v. Escalante*, No. 22-CV-2485-TC-TJJ, 2023 WL 395971, at *2 (D. Kan. Jan. 25, 2023).  In this case, counts 1, 3, 7, 8, 9, 15, 16, and 17 within the amended complaint alleges violations of federal criminal statutes.  Federal criminal statutes are not enforceable through a civil action and the undersigned recommends dismissal of the same.

Further, counts 2 and 10 allege violations of 42 U.S.C. § 408.  Similarly, claims brought under 42 U.S.C. § 408 are not actionable. *Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000) (dismissing a claim brought under 42 U.S.C. § 408 as frivolous).  Accordingly, the undersigned recommends to the District Judge that counts 2 and 10 be dismissed for failure to state a claim.

**IV.    Conclusion**

Based on the foregoing, it is **recommended** that the District Judge **dismiss** counts 1, 2, 3, 7, 8, 9, 10, 15, 16, and 17 for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiffs' amended

complaint, Doc. 21, be **DISMISSED IN PART** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to the Plaintiffs via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiffs shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiffs' failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated July 26, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge