IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATISA CRISTINE MICHEAUX, et al.,

     Plaintiffs,

v.

AMERICAN CREDIT ACCEPTANCE, et al.,

     Defendants.

Case No. 24-1102-DDC-BGS

## MEMORANDUM AND ORDER

This dispute arises from plaintiffs' purchase of a vehicle. Importantly here, United States Magistrate Judge Brooks G. Severson issued two Orders presenting a Report and Recommendation to the District Judge assigned. *See* Doc. 22; Doc. 25. The first recommends that the court deny or dismiss plaintiffs' Motion to Clarify Request for Relief (Doc. 11). *See* Doc. 22 at 1. The second recommends that the court dismiss, in part, plaintiffs' Amended Complaint under the 28 U.S.C. § 1915(e) screening process. *See* Doc. 25 at 1. Plaintiffs object to both Orders.[1] *See* Doc. 30; Doc. 31. The court takes up each Report and Recommendation below. And, after review, it affirms both.

## I.      Background

Plaintiffs allege they purchased a vehicle from CarMax in January 2024. Doc. 21 at 4

---

[1] Because plaintiffs appear pro se, the court construes their pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of plaintiffs' advocate. *Id.* And plaintiffs' pro se status doesn't excuse them from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Simply put, the court can't "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [plaintiffs'] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

(Am. Compl. ¶ 3). Somewhere along the way, the purchase went awry. Plaintiffs allege that CarMax forged plaintiffs' signatures on the title. *Id.* And they allege that American Credit Acceptance denied plaintiffs' credit. *Id.* at 5 (Am. Compl. ¶ 3). What's more, plaintiffs allege, both defendants improperly used their social security numbers beyond the scope of their consent. *Id.*

Plaintiffs also allege that CarMax "pressured" them to grant the company "power of attorney during the purchase process." *Id.* And plaintiffs "immediately sent a POA revocation due to subsequent actions[.]" *Id.* Then, plaintiffs told CarMax that they would register the vehicle themselves. *Id.* But a "police officer informed Plaintiffs that the vehicle was registered in Plaintiffs' names without consent." *Id.* After that, someone named Teagan Menly threatened to repossess the vehicle. *Id.* Plaintiffs later tried to rescind the purchase agreement, but CarMax ignored plaintiffs' attempt to rescind. *Id.* And, plaintiffs allege, American Credit Acceptance "failed to provide proof" that plaintiffs possessed the vehicle and the debt was valid. *Id.*

Shortly after filing the Complaint (Doc. 1), plaintiffs filed a document titled "Declaration/Proclamation of Indian Sovereignty and Self-Government[.]" Doc. 7 at 1. Magistrate Judge Severson issued an Order noting that plaintiffs failed to request relief in this filing, and so the court wouldn't act on the Declaration. *See* Doc. 9. Thereafter, plaintiffs filed a Motion to Clarify Request for Relief (Doc. 11). In response, Magistrate Judge Severson issued a Report and Recommendation (Doc. 22) recommending that the court deny or dismiss the motion. *See* Doc. 22 at 1.

But Magistrate Judge Severson did grant plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Docs. 3 and 4). *See* Doc. 24. In so doing, however, she directed the United States Marshals Service to withhold serving defendants until another court order. *Id.* at 2. And,

under the court's screening function of *in forma pauperis* cases, *see* 28 U.S.C. § 1915(e)(2),

Magistrate Judge Severson issued a Report and Recommendation (Doc. 25) recommending that

the court dismiss the Amended Complaint in part. Doc. 25 at 1. With that background, the court

evaluates the appropriate legal standard for reviewing a report and recommendation.

## II.    Legal Standard

When a plaintiff timely objects to a report and recommendation, the court must review

just those portions to which plaintiff specifically objects. *See Garcia v. City of Albuquerque*, 232

F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must

review de novo just those portions of the report and recommendation to which a party

specifically has objected). A proper objection is timely and specific, meaning it must "enable[]

the district judge to focus attention on those issues—factual and legal—that are at the heart of the

parties' dispute." *Kinnell v. Obama*, No. 13-4066-JAR-DJW, 2014 WL 896619, at *1 (D. Kan.

Mar. 6, 2014) (internal quotation marks and citation omitted). A party timely objects to a report

and recommendation by filing "specific written objections" within 14 days of service of the

report and recommendation. Fed. R. Civ. P. 72(b)(2). The court reviews proper written

objections de novo and must "consider relevant evidence of record and not merely review the

magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995).

But when a party fails to object timely and specifically, "the court has broad discretion to

review the recommendation under any standard it finds appropriate." *Kinnell*, 2014 WL 896619,

at *1 (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)); *see also Bryson v. City of

Wichita*, No. 22-4037-HLT-KGG, 2022 WL 3081409, at *1 (D. Kan. Aug. 3, 2022) ("If no

specific objections are timely made, the district judge may review the [report and

recommendation] under any standard [he] finds appropriate."); Fed. R. Civ. P. 72 advisory

committee's note (b) to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Aragon v. U-Haul Co. of Colo.*, 550 F. Supp. 3d 933, 934–35 (D. Colo. 2021) (satisfying itself that unobjected recommendation was "sound and that there [was] no clear error on the face of the record").

The Clerk of our court sent copies of each Report and Recommendation to plaintiffs by certified mail on July 26, 2024. *See* Doc. 22; Doc. 25. Service thus occurred by "mailing [them] to [plaintiffs'] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093 (D. Kan. Oct. 16, 2014) (citing Rule 5(b)(2)(C) and determining that mailing to last known address accomplished service). August 9, 2024, thus functioned as plaintiffs' deadline to object. And plaintiffs indeed objected—and amended their objections—well before that deadline. *See* Doc. 27 (Objection to Doc. 25 filed July 26, 2024); Doc. 28 (Objection to Doc. 22 filed July 29, 2024); Doc. 30 (Amended Objection to Doc. 22 filed August 1, 2024); Doc. 31 (Amended Objection to Doc. 25 filed August 1, 2024). So, plaintiffs' objections here are timely.

Liberally construing plaintiffs' filings, though, the court concludes just one of their objections is sufficiently specific. Plaintiffs properly object only to Magistrate Judge Severson's first Report and Recommendation (Doc. 22). There, plaintiffs object to "the characterization of our request for relief as seeking an advisory opinion." Doc. 30 at 2 (objecting to Doc. 22). Their objection attempts to "clarif[y] the nature of [their] claims, demonstrate[] the existence of a justiciable controversy, and assert[] the necessity for judicial intervention[.]" *Id.* And, thus, their objection to the Report and Recommendation on Motion for Relief (Doc. 22) is specific.

But plaintiffs' attempt to object to Magistrate Judge Severson's second Report and

Recommendation falls short of the mark. *See generally* Doc. 25 (Report and Recommendation);

Doc. 31 (Amended Objection to Doc. 25). Magistrate Judge Severson recommended that the

court dismiss part of plaintiffs' Amended Complaint. *See generally* Doc. 25. Magistrate Judge

Severson recommended that the court dismiss 10 of the 18 counts asserted by the Amended

Complaint. Doc. 25 at 4, 6. But plaintiffs' Amended Objection reads like a complaint, not an

objection. Instead of addressing Magistrate Judge Severson's conclusion that plaintiffs failed to

state a claim on those counts, plaintiffs asserted four new counts. *See* Doc. 31 at 3–5 (asserting

new breach of contract and Kansas Consumer Protection Act claims and reasserting fraud and

Fair Credit Reporting Act claims). Magistrate Judge Severson's Report and Recommendation

didn't license plaintiffs to file yet another amended complaint.[2]  Indeed, they never asked for

leave to amend. And while styled as an objection, plaintiffs didn't respond to the Report and

Recommendation substantively in any fashion. So, they didn't object sufficiently to "enable[]

the district judge to focus attention on those issues—factual and legal—that are at the heart of the

---

[2]      The court evaluated whether to construe plaintiffs' objection as a second amended complaint.
This type of liberal construction—for pro se plaintiffs—isn't unheard of. *See, e.g.*, *Austin v. Cline*, No.
05-3021-SAC, 2006 WL 2710224, at *1 (D. Kan. Sept. 20, 2006) (construing pro se plaintiff's response
to show cause order as amended complaint); *Hybertson v. I.R.S.*, No. 21-cv-00784-RMR-SKC, 2022 WL
20402136, at *1 (D. Colo. Feb. 7, 2022) (construing pro se plaintiff's response to motion to dismiss as
motion to amend pleadings), *report and recommendation adopted*, 2022 WL 20402135 (Feb. 24, 2022).
But the court declines to take this path here for several reasons.

      *First*, plaintiffs, despite their pro se status, know how to amend a complaint by motion. They've
done so once already. *See generally* Doc. 19 (plaintiffs moving to amend Complaint); Doc. 20 (court
granting leave to amend). *Second*, plaintiffs haven't asked for leave to amend. And they didn't label
their objection—in any fashion—as a proposed second amended complaint. *See Majors v. Thomas
Jefferson Sch. of Law*, No. 11-cv-558-CW-SA, 2011 WL 7561516, at *8 (D. Utah Nov. 22, 2011)
(declining to construe pro se plaintiff's second response to motion to dismiss as a proposed amended
complaint in part because plaintiff didn't move and never identified the response as a proposed amended
complaint). *Third*, if the court were to construe plaintiffs' objection as a second amended complaint,
many of plaintiffs' factual allegations would fall to the wayside. The objection is far too sparse on facts
to carry that interpretation. *See generally* Doc. 31. But plaintiffs' Amended Complaint includes a
number of supporting exhibits. *See* Doc. 21 at 11–30. Surely plaintiffs didn't intend to kneecap their
factual allegations by filing this objection. So, the court declines to construe this as a motion to amend
the Amended Complaint.

parties' dispute." *Kinnell*, 2014 WL 896619, at *1 (internal quotation marks and citation omitted). Their objection to the Report and Recommendation for Partial Dismissal (Doc. 25) isn't specific.

In sum, the court evaluates plaintiffs' timely, specific objection to Magistrate Judge Severson's first Report and Recommendation (Doc. 22) and reviews it de novo. *See Garcia*, 232 F.3d at 766–67. The court can review the other Report and Recommendation (Doc. 25) under "any standard it finds appropriate." *Kinnell*, 2014 WL 896619, at *1. It does so by looking for "clear error on the face of the record[.]" Fed. R. Civ. P. 72 advisory committee's note (b) to 1983 amendment. The court applies these standards to each Report and Recommendation, in turn, below.

### III. Report and Recommendation on Motion for Relief (Doc. 22)

In their Motion to Clarify (Doc. 11), plaintiffs have requested vague relief stemming from their asserted tribal sovereignty. According to plaintiffs, they are "a sovereign Indian nation," asserting their "inherent right to self-government and self-determination[.]" Doc. 11 at 2. They "request that the court recognize and affirm this inherent sovereignty." *Id.* Plaintiffs don't identify clearly a tribe anywhere in their filings. Instead, plaintiffs assert that they are "sovereign individual[s]" and act as "representative[s] of [their] tribe and estate." Doc. 30 at 2. And at different points, they describe themselves as "Sipp's Trust Tribe Heirs," Doc. 7 at 3, and "Family of Micheaux's Tribe and Heirs of the First Nation," Doc. 1 at 7 (original Complaint).

In the motion, plaintiffs seek to add eight items to their request for relief,[3] asking the

---

[3] Adding requested relief is properly accomplished by amending the Complaint. And after filing the motion, plaintiffs did move to amend their Complaint. *See* Doc. 19. Their Amended Complaint doesn't identify relief of the type sought in the motion, though. *See generally* Doc. 21 (Am. Compl.). At this moment, plaintiffs have already used their opportunity to amend once as of right. *See* Fed. R. Civ. P. 15(a)(1); Doc. 20 (granting leave to amend as of right). And even if the court were to construe this motion as one seeking leave to file a second amended complaint, the court would deny leave. The court

court to:

1. "recognize and affirm" plaintiffs' "inherent sovereignty" as a "sovereign Indian nation[,]" Doc. 11 at 2;

2. uphold "protections afforded to sovereign Indian nations under the United States Constitution" and the "unique government-to-government relationship between [their] tribe and the federal government[,]" *id.*;

3. uphold "the principles established" in "the landmark decision of the U.S. Supreme Court in *Worcester v. Georgia* (1832)[,]" *id.* (italics added);

4. enforce "any and all treaties entered into between our tribe and the United States government[,]" *id.*;

5. "recognize and affirm" plaintiffs' "exclusive jurisdiction over [their] lands, resources, and internal affairs[,]" *id.*;

6. "support [their] efforts in cultural preservation and affirm [their] authority in these matters[,]" *id.*;

7. "acknowledge [their] commitment to . . . partnerships [with neighboring communities and governments] and encourage such cooperative relationships[,]" *id.* at 3;

8. and "recognize the standing of the plaintiffs and honor the protections afforded to

---

should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts deny leave to amend when the proposed amendment is futile. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). A "district court is justified in denying a motion to amend if the amendment would be futile because it cannot withstand a motion to dismiss[.]" *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

As explained below, plaintiffs' requested declaratory relief requires the court to issue an unconstitutional advisory opinion. If plaintiffs amended their Complaint again, these requests for relief wouldn't survive a motion to dismiss because the court wouldn't have subject matter jurisdiction to issue that relief. *See Kegler v. U.S. Dept. of Justice*, 436 F. Supp. 2d 1204, 1207 (D. Wyo. 2006) (emphasizing that the court's "subject matter jurisdiction under the case or controversy clause of Article III" is "properly raised" on a 12(b)(1) motion to dismiss). So, amendment is futile. And the court thus proceeds without construing this as a motion to amend their Complaint for the second time.

[them] by the government, including those under the 1866 Constitution[,]" *Id.*

Recall that the court must review plaintiffs' objection de novo, "consider[ing] relevant evidence of record and not merely review[ing] the magistrate judge's recommendation." *In re Griego*, 64 F.3d at 583–84. The court then "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Severson recommended that the court deny plaintiffs' motion. Doc. 22 at 1. Or, alternatively, she recommended that the court dismiss the requested relief. *Id.* Magistrate Judge Severson construed this motion as a request for declaratory relief. *Id.* at 3. And she concluded the court lacked Article III authority to grant this relief because it constitutes an advisory opinion. *Id.* So, one issue is this one: plaintiffs have sued private individuals. *See* Doc. 21 at 4 (Am. Compl. ¶ 1) (naming defendants as Greg Tigani, "associated with" American Credit Acceptance and Luke Secrest, "General Manager at CARMAX"). And they haven't alleged properly that a declaration of tribal sovereignty affects these defendants' conduct toward them. The court now adopts, after reviewing plaintiffs' motion de novo, Magistrate Judge Severson's conclusion that the motion requests an unconstitutional advisory opinion. The court explains its decision, below, starting with the legal standard for Article III authority over a request for declaratory relief.

### A.    Article III Case or Controversy

Article III of the United States Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). This "limitation on the judicial power" requires courts to "adjudicate only 'concrete legal issues, presented in actual cases, not abstraction.'" *United States v. Muhtorov*, 20 F.4th 558, 607–08 (10th Cir. 2021) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). To constitute a "live, concrete

8

controversy" in an action seeking declaratory relief, the "crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109–10 (10th Cir. 2010) (emphasis omitted) (internal quotation marks and citation omitted). To make such relief a "case or controversy"—as opposed to an impermissible advisory opinion—the resolution must settle "some dispute which affects the behavior of the defendant toward the plaintiff." *Id.*; *see also Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) ("[W]here a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint.").

To evaluate a court's jurisdiction to issue declaratory relief, "the question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (addressing Declaratory Judgment Act claims). After all, a "federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Muhtorov*, 20 F.4th at 608 (internal quotation marks and citation omitted). A "'party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy.'" *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1263 (10th Cir. 2022) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)). Plaintiffs have failed to shoulder that burden here, and the court explains why in the analysis, following.

### B.    Analysis

Plaintiffs' asserted relief won't affect defendants' behavior toward plaintiffs. The

requested relief focuses on solely plaintiffs' asserted tribal status and legal protections accompanying that status. *See generally* Doc. 11. In fact, plaintiffs never mention defendants in their motion. *See generally id.* Plaintiffs try to correct this failure in their objection, asserting that the relief sought "directly impacts the Defendants' conduct towards the Plaintiffs, thereby creating a justiciable controversy." Doc. 30 at 3. But throughout the objection, plaintiffs fail to clarify how that's so. They make sweeping assertions about defendants' conduct that "infringe[s] upon [their] inherent rights as a sovereign Indian nation[.]" *Id.* And, they argue, that the "legal and financial processes" defendants imposed "do not account for the Plaintiffs' asserted jurisdiction and sovereignty." *Id.* at 4. They argue that a declaratory judgment is necessary to ensure defendants "comply with their legal obligations going forward." *Id.* at 5.

Plaintiffs miss the mark. In making these sweeping assertions, plaintiffs never specify how they think "judicial recognition and enforcement" of their asserted tribal sovereignty would affect defendants' behavior toward them. Recall that plaintiffs' claims stem from an alleged vehicle purchase. *See* Doc. 21 at 4–5 (Am. Compl. ¶ 3). Plaintiffs never mention tribal sovereignty—or anything about their asserted tribe—anywhere in the Amended Complaint. *See generally* Doc. 21 (Am. Compl.). It's unclear from the record how declarations about tribal sovereignty, self-governance, and cultural preservation would affect defendants' behavior toward plaintiffs in the context of purchasing a vehicle. And the court need not guess, not even for pro se plaintiffs. They must sustain the burden to establish subject matter jurisdiction. When they fail to abide this responsibility, the court need not go to work for them.

And despite plaintiffs' persistent references to the Constitution, "relevant treaties[,]" and "contemporary federal law," they identify specifically just two legal doctrines. Doc. 30 at 4. They mention, first, *Worcester v. Georgia*, 31 U.S. 515, 561 (1832), an opinion concluding that

state law has no force within the physical boundaries of a tribal community. But there's a big red flag: *Worcester* isn't good law. *See Nevada v. Hicks*, 533 U.S. 353, 361 (2001) (recognizing that the Supreme Court "long ago" "departed from Chief Justice Marshall's view [in *Worcester*] that the laws of a State can have no force within reservation boundaries" (quotation cleaned up)). So, even if the *Worcester* holding affected private conduct, like the kind at issue here, it wouldn't apply anyway.

Plaintiffs' only other specific reference to a legal doctrine is the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5301–5423. Doc. 30 at 4. But that statute provides federal services to tribal communities and creates avenues for tribal involvement in developing federal programs. *See* 25 U.S.C. § 5302(a) (describing Congress's policy to "assur[e] maximum Indian participation in the direction of educational as well as other Federal services to Indian communities"); § 5302(b) ("Congress declares its commitment to . . . meaningful participation by the Indian people in the planning, conduct, and administration of [federal] programs and services."). It literally has nothing to do with private actors' interactions with tribes—and defendants are private actors. So, the Indian Self-Determination and Education Assistance Act doesn't clarify how plaintiffs' requested relief would affect any dispute between these parties.

In any event, plaintiffs' objection never presents a theory that saves their Motion for Relief (Doc. 11) from demise. And the court isn't plaintiffs' advocate—it won't "supply additional factual allegations" or "construct a legal theory on [plaintiffs'] behalf." *Whitney*, 113 F.3d at 1173–74. The Supreme Court explicitly has directed federal courts to "avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969). That's what plaintiffs ask the court to do. Plaintiffs haven't satisfied their burden to show there is a case or

controversy for this relief. They utterly failed to show the relief sought would "affect[] the behavior of the defendant toward the plaintiff[.]" *Rio Grande Silvery Minnow*, 601 F.3d at 1109–10. So, the motion requests an unconstitutional advisory opinion. The court thus affirms Magistrate Judge Severson's Report and Recommendation (Doc. 22) and dismisses plaintiffs' Motion to Clarify Request for Relief (Doc. 11).[4] Next up: whether to dismiss the Amended Complaint in part.

## IV.    Report and Recommendation for Partial Dismissal of Complaint (Doc. 25)

Before issuing this Report and Recommendation, Magistrate Judge Severson granted plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Docs. 3 and 4). *See generally* Doc. 24. And she screened plaintiffs' Amended Complaint—under 28 U.S.C. § 1915—to determine whether to dismiss plaintiffs' claims *sua sponte*. Doc. 25 at 1. She recommended that the court dismiss 10 of plaintiffs' 18 claims. *Id.* at 4–6. Recall that the court reviews Magistrate Judge Severson's recommendation for "clear error on the face of the record." *See above* § II.

The court "shall dismiss" IFP cases "at any time" the court "determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). And the court screens the Amended Complaint using the Rule 12(b)(6) motion to dismiss standard. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This responsibility means the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* Thus,

---

[4]    Out of an abundance of caution, the court dismisses the motion, instead of denying it. The court doesn't have jurisdiction to issue advisory opinions. *See, e.g.*, *Roberts v. U.S. Dep't of Veterans Affs.*, No. 20-1358-JAR-KGG, 2021 WL 1426767, at *4 (D. Kan. Apr. 15, 2021) (concluding the court lacks jurisdiction to issue an advisory opinion about meaning of federal statutes). And absent subject matter jurisdiction, the court must dismiss a motion, not deny it on the merits—as our Circuit has recognized in other contexts. *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (instructing district court "to vacate the order denying the motion and enter a new order dismissing" a motion to reduce sentence for lack of jurisdiction). That's what the court does here.

the court reviews the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks and citation omitted). "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend.'" *Id.* at 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

Plaintiffs allege claims under a number of federal criminal statutes. They are:

- Forgery under 18 U.S.C. § 513—Count 1;

- unauthorized use of a Social Security number under 42 U.S.C. § 408—Counts 2 and 10;

- fraud under 18 U.S.C. § 1028—Count 3;

- conspiracy against rights under 18 U.S.C. § 241—Counts 7 and 15;

- deprivation of rights under color of law under 18 U.S.C. § 242—Counts 8 and 16;

- and extortion under 18 U.S.C. § 894—Counts 9 and 17.

*See* Doc. 21 at 6–7. But Magistrate Judge Severson was correct—none of those statutes provide private rights of action. Doc. 25 at 6. And claims under criminal statutes are "not enforceable through a civil action[,]" so it is proper to dismiss those claims. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).[5]

---

[5]     Magistrate Judge Severson also addressed plaintiffs' supposed copyright infringement claim included in Count 1. Doc. 25 at 5 n.4. The details of this claim are sparse. Plaintiffs simply added "Copyright infringement" to their description of Count 1, which alleged that a CarMax agent "forged Plaintiffs' signatures on the vehicle title[.]" Doc. 21 at 6. And plaintiffs attached a certificate of registration for a copyrighted work. Doc. 21 at 12 (Pl. Ex. A-2) (identifying a work titled "LATISA ESTHER CRISTINE MICHEAUX[,]" completed in 1959). *Id.* The registration certificate indicates the work is a photograph. *Id.* To the extent plaintiffs claim copyright infringement, the court adopts Magistrate Judge Severson's conclusions. She concluded that plaintiffs failed to allege any facts supporting copyright infringement. Doc. 25 at 5 n.4. And she recognized that if plaintiffs were challenging the unauthorized use of their names, the argument was meritless. *Id.* That's because one's

The court thus concludes there is no "clear error on the face of the record[.]"  Fed. R. Civ.

P. 72 advisory committee's note (b) to 1983 amendment; *Aragon*, 550 F. Supp. 3d at 934–35.

Plaintiffs' counts 1, 2, 3, 7, 8, 9, 10, 15, 16, and 17 are dismissed for failure to state a claim.

Because it would prove futile for plaintiffs to amend their Amended Complaint—given the

absence of a private right of action—the enumerated claims are dismissed with prejudice.  *See*

*Miles v. Kansas*, No. 11-4180-EFM, 2012 WL 3442413, at *3 (D. Kan. Aug. 15, 2012)

(recognizing on § 1915(e) review that "amendment is futile and dismissal with prejudice is

proper" if a possible amendment couldn't "withstand a motion to dismiss").

## V.    Conclusion

In sum, the court affirms each Report and Recommendation (Docs. 22 and 25).  The court

concludes, on de novo review, that plaintiffs' Motion to Clarify Request for Relief (Doc. 11)

seeks an unconstitutional advisory opinion.  So, the motion is dismissed.  And the court

concludes, under an appropriate review standard, that plaintiffs' Amended Complaint asserts

several claims that do not provide private rights of action.  So, the court must dismiss those

claims under 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and

Recommendation (Doc. 22) issued by United States Magistrate Judge Brooks G. Severson on

July 26, 2024, is **AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion to Clarify Request for Relief

(Doc.11) is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation (Doc. 25) issued

---

name "is not subject to copyright protection" under 17 U.S.C. § 102 or 103.  *United States v. DeClerck*, No. 02-40072-01-RDR, 2003 WL 22716919, at *3 (D. Kan. Sept. 18, 2003) (internal quotation marks and citation omitted).  The court agrees and adopts this case's reasoning.  And, because a name isn't copyrightable, it would prove futile for plaintiffs to amend their Complaint on this cause of action.

by United States Magistrate Judge Brooks G. Severson on July 26, 2024, is **AFFIRMED**.

**IT IS FURTHER ORDERED THAT** counts 1, 2, 3, 7, 8, 9, 10, 15, 16, and 17 of plaintiffs' Amended Complaint (Doc. 21) are **DISMISSED WITH PREJUDICE**.  The court directs the Clerk of the Court to issue a summons and further directs the United States Marshals Service to serve defendants thereafter.

**IT IS SO ORDERED.**

**Dated this 31st day of December, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**