UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATISA CRISTINE MICHEAUX and MARGARET E. BURRIS,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CREDIT ACCEPTANCE and CARMAX,<br><br>Defendants. | Case No. 24-1102-DDC-BGS |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se[1] Plaintiff Latisa Micheaux's (hereinafter "Plaintiff") motion for recusal of District Judge Daniel Crabtree and Magistrate Judge Brooks Severson.[2] *See* Doc. 91. For the reasons stated herein, the Court **DENIES** Plaintiff's motion for recusal as it pertains to the undersigned Magistrate Judge.

Plaintiff moves to disqualify the undersigned Magistrate Judge from further presiding over this case. The decision to recuse is committed to the sound discretion of the trial court. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). Recusal is appropriate when a judge's impartiality may be reasonably questioned. *See, e.g.*, 28 U.S.C. § 455; *see also* Hinman, 831 F.2d at 938. There are two statutes that govern judicial recusal, 28 U.S.C. §§ 144 and 455. *See also Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005). Under 28 U.S.C. § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th

---

[1]Plaintiff proceeds pro se. The Court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

[2]The District Judge will rule on recusal as it pertains to him at a later date. As such, this order will only address the arguments as it relates to the undersigned.

Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasions, and circumstances.'" *Id.* at 960 (quoting *Hinman*, 831 F.2d at 937, 939). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.*

Under 28 U.S.C. § 455, a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," or "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Here, Plaintiff has not established a basis for recusal. First, she submits no affidavit showing bias or prejudice pursuant to 28 U.S.C. § 144. Therefore, recusal would be improper under that statute. However, out of an abundance of caution, the Court will nonetheless address the merits of Plaintiff's motion.

She makes conclusory assertions such as there is a personal bias, procedural inconsistencies, and that there have been violations of the constitution and due process. She also takes issue with prior orders not ruling her favor and the Court's management of its own docket. Plaintiff further contends that the undersigned being a member of the Kansas bar raises "serious concerns about collusion and systemic bias." Doc. 91, at 3. None of these reasons establish a basis for recusal under either statute.

Plaintiff makes sweeping accusations that the undersigned is biased or has violated the constitution; however, she provides no further support for her assertions. She provides no affidavit and no evidence to substantiate her claims. A judge has as much obligation not to recuse herself when no reason has been provided. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

Conclusory assertions are insufficient to prevail on a motion for recusal. Further, not ruling in a party's favor is also not a basis for recusal. *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 580149, at *4 (D. Kan. Feb. 13, 2024) ("Disagreeing with a party is not a basis for recusal"). Plaintiff is entitled to object to the undersigned's rulings, which she has done on several occasions, but an unfavorable ruling alone does not warrant recusal.

Plaintiff also takes issue with how the undersigned has managed the docket and prioritized certain motions. However, "federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Her disagreements with the court's management of its docket are not a basis for recusal under the relevant statutes. Lastly, Plaintiff's argument that sharing bar membership or otherwise being a part of a professional organization raises concerns about systemic bias does not have merit. A judge should only recuse herself if a reasonable person would believe that a judge has displayed "deep-seated favoritism or antagonism that would make fair judgment impossible." *King v. Kansas*, No. 09-4117-JAR, 2009 WL 2912475 (D. Kan. Sept. 9, 2009). Being a member of the Kansas bar or other professional organization does not implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. *Id.* Accordingly, Plaintiff's motion is denied.

The Court recognizes that the Plaintiff is also requesting the presiding District Judge to be recused from the case. That portion of the motion will be resolved by the District Judge at a later date.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to recuse as it pertains to the undersigned, Doc. 91, is **DENIED.**

**IT IS SO ORDERED.**

3

Dated April 2, 2025, at Wichita, Kansas.

/s/ B<small>ROOKS</small> G. S<small>EVERSON</small>
Brooks G. Severson
United States Magistrate Judge

4