IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATISA CRISTINE MICHEAUX, et al.,

                Plaintiffs,

v.

AMERICAN CREDIT ACCEPTANCE, et al.,

                Defendants.

Case No. 24-1102-DDC-BGS

**MEMORANDUM AND ORDER**

The court previously ordered this case to proceed in arbitration. Doc. 106. It also stayed and administratively closed this case pending that arbitration's result. *Id.* at 21. Plaintiffs[1] now have objected to that order and demand that the court vacate it. Doc. 108. Trying to support their objection, plaintiffs assert that our court erred by assuming jurisdiction over this case. This assertion makes little sense.

Plaintiffs themselves filed this action and invoked the court's jurisdiction, asserting that the court has both federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Doc. 21 at 4. Plaintiffs' Amended Complaint doesn't allege enough information to satisfy diversity jurisdiction, but it does allege violations of federal law. *Id.* at 7–8. So, the court—based on plaintiffs' own Amended Complaint—had federal-question jurisdiction over this dispute. Indeed, Magistrate Judge Brooks G. Severson reached this

---

[1] Because plaintiffs appear pro se, the court construes their pleadings liberally and holds the filings "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of their advocate. *Id.*

conclusion long ago, Doc. 25 at 4, and plaintiffs' objection to Judge Severson's Order claims defendants violated the Fair Credit Reporting Act—a federal law. Doc. 31 at 5. Thus, the court had federal-question jurisdiction and "a federal court has a virtually unflagging obligation to assert jurisdiction where it has that authority." *Mata v. Lynch*, 576 U.S. 143, 144 (2015) (quotation cleaned up). Plaintiffs' own filings require this conclusion.

In any event, this case is stayed and administratively closed pending the result of the parties' arbitration. Doc. 106 at 21–22. The court explained to the parties that they could "move the court to reopen the case for good cause shown after those proceedings conclude." *Id.* at 22. Plaintiffs don't assert good cause, nor do they assert that the arbitration pleadings have concluded. *See generally* Doc. 108. The court thus overrules plaintiffs' Objection (Doc. 108).

Plaintiffs also have filed a "Verified Judicial Notice and Command for Ruling" (Doc. 109). They demand a ruling on their Objection (Doc. 108) because the filing "has remained pending beyond the reasonable judicial timeframe." Doc. 109 at 1. Plaintiffs demanded a ruling less than a month after filing their Objection, however. Perhaps plaintiffs are unaware. The court's docket responsibilities include hundreds of other cases, and the court must balance disputes in those actions with those in this case. Given the size of the court's docket and the exigencies of motions pending in other cases, the court must ask plaintiffs to wait their turn. The court will rule their requests as soon as it can. And the court now has ruled the Objection (Doc. 108) and thus denies plaintiffs' request for a ruling as moot.

The court concludes with an advisory to plaintiffs: these two filings are frivolous, and the court won't look favorably on future frivolous filings. This case is closed pending the outcome of the parties' arbitration. The court may deny summarily any future filings that fail to show good cause to reopen this case—after those arbitration proceedings conclude.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' "Objection to Order, Demand to Vacate, and Notice of Constitutional Challenge Due to Lack of Jurisdiction" (Doc. 108) is overruled.

**IT IS FURTHER ORDERED THAT** plaintiffs' "Verified Judicial Notice and Command for Ruling" (Doc. 109) is denied as moot.

**IT IS FURTHER ORDERED THAT** any future filings that fail to show good cause after the parties' arbitration proceedings conclude may be summarily denied. This case remains administratively closed.

**IT IS SO ORDERED.**

**Dated this 27th day of January, 2026, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
